# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-997-JMB |
| DR. JOHN WILLIAMS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center, to proceed in the district court without prepaying fees or costs. Since November 2020, while incarcerated, plaintiff has brought at least 130 civil actions that have been dismissed as frivolous malicious, or for failure to state a claims. Pursuant to 28 U.S.C. § 1915(g), plaintiff may only proceed here without prepayment of the filing fee if he is under imminent danger of serious physical injury. Because the allegations in plaintiff's complaint are too vague to make such a determination, the Court will hold plaintiff's motion in abeyance pending the filing of an amended complaint.

### The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against defendants Dr. John Williams and the Missouri Eastern Correctional Center ("MECC") in their individual and official capacities. Plaintiff's complaint states, in full:

> This is as of here I sit this [hernia] is getting bigger [than] a softball barely walk can't wear pants sever[e] pain shitting blood Dr. John Williams refuse to do anything. It is 7-26-21 been going on for a while now.

Plaintiff alleges his injuries related to this complaint are "civil rights, prison rights, human rights, physical health, mental health, PTSD, [and] mind raping." For relief, he seeks $800 billion in damages.

## Discussion

A prisoner's ability to proceed without prepaying the entire filing fee is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly known as the "three strikes rule," and has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Plaintiff has accumulated three strikes under this provision.[1] To proceed without prepaying the entire filing fee, he must be "under imminent danger of serious physical injury." The requisite imminent danger must exist at the time of filing the complaint; allegations of past imminent danger are insufficient. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff alleges he suffers from a softball-sized hernia that impedes his ability to wear pants and to walk. He states he is defecating blood and defendant Dr. John Williams "refuse[s] to do anything." Although plaintiff does not state when he developed the hernia, he states it has "been going on for a while now."[2] The Court does not know how long plaintiff has suffered from

---

[1] *See Engel v. Governor of Mo., et al.*, No. 1:20-CV-217-HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of Am., et al.*, No. 4:20-CV-1742-MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Mo. Courts, et al.*, No. 4:20-CV-1258-SPM (E.D. Mo. Dec. 21, 2020).

[2] In other cases filed by plaintiff against Dr. Williams in this Court, plaintiff has stated that his medical issues have been occurring since as early as 2002. *See, e.g.*, *Engel v. Williams, et al.*, No.

the hernia, nor does it know what medical treatment plaintiff has received. While in this case plaintiff states Dr. Williams refuses to treat the hernia, in other cases filed by plaintiff in this Court he states that he has been approved for surgery, or that he is receiving treatment to patch the hole. *See, e.g.*, *Engel v. Williams, et al.*, No. 4:21-CV-936-RLW (filed Jul. 19, 2021) (alleging hernia and pain for past four months and hernia "approved . . . for removal but ain't done nothing then said they were just patching the hole where it popped out").[3]

Plaintiff's allegations are too vague for the Court to determine whether plaintiff is under imminent danger sufficient to create an exception to the three strikes rule. The Court will not deny plaintiff's application to proceed in the district court without prepaying fees and costs and dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint to more clearly set forth his claims. Specifically, plaintiff must state with particularity when he began experiencing pain associated with his hernia and the course of medical treatment, if any, he has received. If plaintiff alleges Dr. Williams refused plaintiff medical treatment, plaintiff shall state the facts surrounding this refusal of medical treatment (*e.g.*, the date on which plaintiff sought medical treatment, his symptoms, who refused him treatment, the consequences of this refusal, etc.) with particularity. Alternatively, plaintiff may pay the full $402.00 filing and administrative fees. Plaintiff is warned that the filing of an amended complaint replaces the

---

4:21-CV-939-SRW (E.D. Mo. filed Jul. 19, 2021) (alleging plaintiff's nerve damage and pain has been documented in medical records since 2002); *Engel v. Corizon, et al.*, No. 4:21-CV-940-AGF (E.D. Mo. filed Jul. 19, 2021) (alleging plaintiff's medical issues, particularly diabetes, have been occurring "since [he] has been coming to MODOC"); *Engel v. Williams, et al.*, No. 4:21-CV-936-RLW (filed Jul. 19, 2021) (alleging hernia and pain for past four months and doctors had treated it by "patching the hole where it popped out").

[3] Plaintiff's federal district court cases were reviewed on the Court's CM/ECF online case management system. The Court takes judicial notice of these public records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within twenty-one days of the date of this Memorandum and Order, or pay the necessary fees, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **HELD IN ABEYANCE**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that within twenty-one (21) days from the date of this Memorandum and Order, plaintiff shall submit an amended complaint on a Court-provided form as instructed above or pay the full $402.00 filing fee.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit an amended complaint as instructed above, the Court may dismiss plaintiff's complaint without prejudice and without further notice to plaintiff.

Dated this 1st day of October, 2021.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE